IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY E. PERKINS §
§
    Plaintiff §
§
v. § C.A. NO. 3:10-CV-0013-D
§
HONEYWELL INTERNATIONAL, INC. §
§
    Defendant §

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO DISMISS
OR FOR MORE DETAILED PLEADING OF DEFENSES WITHIN DEFENDANT'S
ANSWER, INCLUDING MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF

       Plaintiff submits the following reply to the response of Defendant to its motion to dismiss

or require more detailed pleading of certain defenses in Defendant's answer, and would show as

follows:

       1.     It is not surprising that, as Defendant notes on page one of its response, there is no

Fifth Circuit authority addressing the applicability to defenses of Ashcroft v. Iqbal, 556 U.S.

_____, 129 S.Ct. 1937 (2009). It is a very recent decision, making it unlikely that the Court of

Appeals would already be addressing the issue itself. For that matter, as indicated in more detail

below in paragraph 5, a very recent decision of one of the judges serving in the Southern District

of Texas, Tran v. Thai, 2010 U.S. Dist. LEXIS 17946 (S.D. Tex. 2010) , relied upon by

Defendant, assumes the applicability of Iqbal to defenses, and recognizes that the majority of

decisions since the Supreme Court ruling so hold. Plaintiff's motion cited decisions of a number

of other district courts likewise recognizing that defenses, not only claims, should be plead to include allegations of fact making the defenses plausible. In re Mission Bay Ski & Bike, Inc., 2009 Bankr. LEXIS 2495 (Bankr. N.D. Ill. 2009) (Iqbal applicable to defenses); Bank of Montreal v. SK Foods, LLC, 2009 U.S. Dist. LEXIS 196577 (N.D. Ill. 2009) (same); OSF Healthcare System v. Banno, 2010 U.S. Dist. LEXIS 7584 (C.D. Ill. 2010) (same); Hayne v. Greenfood Sales, Inc., 2009 U.S. Dist. LEXIS 119886 (D. Kan. 2009) (same); Tracy v. NVR, Inc., 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. 2008) (same); Skillstorm, Inc. v. Elec. Data Sys., LLC, 2009 U.S. Dist. LEXIS 95056 (E.D. Va. 2009)(same). While Defendant mounts an argument contrary to these decisions on pages 4 through 7 of its response, the reasoning of the decided cases goes well beyond the considerations pointed out by Defendant and, Plaintiff suggests, the limited nature of Defendant's arguments against the application of Iqbal to defenses is a reflection of the weakness of the argument. There is certainly a serious question whether the caselaw from 1948 and 1999 and the pre-Iqbal 2009 decision relied upon by Defendant at page 5 of its response is good law in light of the decision of the Supreme Court.

2.      Plaintiff has not, as Defendant contends on pages 1 and 2 and 7 of the response, claimed that Defendant has violated Rule 11, only that defenses asserted without any stated factual basis call into question whether the defenses have or lack any basis in light of facts known to a pleader. The asserted need of Defendant for discovery on two of the defenses challenged by Plaintiff referred to in paragraph4, below, strikingly undercuts the claim that Defendant has a good faith basis for asserting each of the affirmative defenses made at page 7 of

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
MOTION TO DISMISS OR FOR
MORE DETAILED PLEADING OF DEFENSES
WITHIN DEFENDANT'S ANSWER, INCLUDING
MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF – Page 2

the response. Indeed, the specific elaboration of Defendant is that it "believes each defense is

supported by evidence or will likely be supported by evidence gathered during the course of this

litigation" is simply not helpful because that is not strictly consistent with Rule 11(b). In

pertinent part, Rule 11(b) states:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

* * *

> (3)     the factual contentions <u>have evidentiary support</u> or, <u>if specifically so identified, will likely have evidentiary support</u> after a reasonable opportunity for further investigation or discovery; and

> (4)     the denials of factual contentions are warranted on the evidence or, <u>if specifically so identified</u>, are reasonably based on belief or a lack of information.

(Emphasis added). Defendant's answer does not specifically identify factual contentions or

denials of factual contentions in the manner contemplated in regard to any of the challenged

defenses.

3.     Plaintiff is not seeking the striking of the defenses she challenges as the only

relief, making irrelevant or at least non-dispositive case law limiting the instances in which the

striking of defenses is appropriate, referred to on page 2 of the response. For that matter, as

indicated in more detail below in paragraph 5, the court in <u>Tran</u> did dismiss defenses of the

defendant in that case without much apparent hesitation.


PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
MOTION TO DISMISS OR FOR
MORE DETAILED PLEADING OF DEFENSES
WITHIN DEFENDANT'S ANSWER, INCLUDING
<u>MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF</u> – Page 3

4.      Defendant's own characterization of the defenses challenged by Plaintiff begs the

very question raised by Plaintiff's motion. If Defendant can explain the factual basis for its

exhaustion of remedies and statute of limitations defenses in its response, as it does at page 6 of

its response, why not in its answer? With respect to its defenses of mitigation and after-acquired

evidence, addressed at pages 6 and 7 of the response, Defendant's rationale is no rationale, but

reveals that Defendant has not had any discovery to determine whether there is in actuality any

factual basis for those defenses. It should be required to wait to determine whether there is any

factual basis before asserting a defense. That is what deadlines to amend pleadings are all about.

5.      It is not the burden of Plaintiff, as Defendant suggests at page 7 of its response, to

show an entitlement to summary judgment on a particular defense to support her motion to strike

or require additional detail as to the basis for a defense. Neither Tran nor Devlin v. Memorial

Hermann Healthcare System, ___ F. Supp. 2d ___ (S.D. Tex. 2009), referred to at pages 6 and

7, so hold. Tran actually holds that the Fifth Circuit, in a decision, Woodfield v. Bowman, 193

F.3d 354, 362 (5th Cir. 1999), sought to be distinguished by Defendant at page 6, in footnote 1,

of its response,[1] has held that the same pleading requirements applicable to claims apply to

defenses and, after noting Iqbal, further notes that "[c]ourts have divided on whether the

---

[1]     The attempts to distinguish Woodfield were apparently not similarly made in
Tran, but all fly in the face of the specific holding of that decision summarized in
Tran and quoted by Defendant in footnote 1 of its response, that "[a]n affirmative
defense is subject to the same pleading requirements as is the complaint," and are
inconsistent with the ruling in Tran and those of the other courts cited by Plaintiff
in her motion.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
MOTION TO DISMISS OR FOR
MORE DETAILED PLEADING OF DEFENSES
WITHIN DEFENDANT'S ANSWER, INCLUDING
MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF – Page 4

pleading standard applicable to affirmative defenses continues to mirror the standard applicable

to complaints. See Hayne v. Green Ford Sales, Inc.,    F.R.D.    , 2009 U.S. Dist. LEXIS 119886,

2009 WL 5171779, at *2 (D. Kan. 2009) (observing that the majority of courts have applied the

Rule 8(a)(2) standard to affirmative defenses).” Id. at 3 n. 2. Hayne is one of the decisions cited

by Plaintiff in her motion. The court in Tran further actually dismissed, subject to more adequate

repleading, several conclusively-pled defenses, citing “ Argeropoulos v. Exide Techs., No.

08-CV-3760 (JS), 2009 U.S. Dist. LEXIS 59009, 2009 WL 2132443, at *6 (E.D.N.Y. Jul. 8,

2009) (“Even before Iqbal, the federal rules required a plaintiff to do more than just plead 'labels

and conclusions, and a formulaic recitation of the elements of a cause of action.'”) (citing

Twombly, 550 U.S. at 555).” [2] Devlin does not address Iqbal whatsoever, and even then, took

---

[2]     While the court in Tran did not similarly dismiss a failure to mitigate defense of
the type asserted by Defendant, it did so without reference to the potential Rule
11 issue and possibility of subsequent amendment of the answer raised by
Plaintiff, and even then, was somewhat equivocal, stating:

> The failure to mitigate defense, by contrast, is adequately pleaded to
> inform the plaintiff of the basis. Information necessary to plead more
> specifically is in the possession of the plaintiffs and others; the defendants
> can only obtain that information through discovery. "If plaintiffs cannot
> state a claim without pleading facts which tend systemically to be in the
> sole possession of the defendants, the remedial scheme of the statute will
> fail . . . These considerations counsel careful and holistic evaluation of [a]
> complaint's factual allegations before concluding that they do not support
> a plausible inference that the plaintiff is entitled to relief." Braden v.
> Wal-Mart Stores, Inc., 588 F.3d 585, 598 (8th Cir. 2009) (emphasis
> added).

Id. at 6.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
MOTION TO DISMISS OR FOR
MORE DETAILED PLEADING OF DEFENSES
WITHIN DEFENDANT'S ANSWER, INCLUDING
MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF – Page 5

note of the readiness of the defendant in that case in the face of the motion to strike at issue to amend exhaustion of remedies and statute of limitations defenses of the same kind asserted by Defendant here as well as other defenses of a similar nature. As Defendant ultimately implicitly concedes by citing neither Tran nor Devlin as contrary, much less definitively contrary, to those decisions applying Iqbal to defenses relied upon by Plaintiff, neither requires the conclusion that Iqbal has no implications for the pleading of defenses.

WHEREFORE, Plaintiff moves to have this Court dismiss or require a more definite statement of the noted defenses, and for other appropriate relief.

Respectfully submitted,

_____
Robert E. Goodman, Jr.
T.B. No. 08158100

Francis Goodman PLLC
8750 N. Central Expressway, Suite 1000
Dallas, Texas 75231
(214) 368-1765
(214) 368-3974 (telecopy)

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served through this Court's electronic filing system on this 16th day of April, 2010 upon the following counsel to Defendant:

Ron Chapman, Jr.
Eva W. Turner
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225

_____
Robert E. Goodman, Jr.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
MOTION TO DISMISS OR FOR
MORE DETAILED PLEADING OF DEFENSES
WITHIN DEFENDANT'S ANSWER, INCLUDING
MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF – Page 7